FRED. VOELCKEL v. THE BANNER BREWING COMPANY.

**1. DISCHARGE FOR DISOBEDIENCE OF INSTRUCTIONS.**

Where an employee willfully disobeys the proper instructions of his employer, the latter may legally discharge the former before the expiration of the term of employment.

**2. RETENTION OF FUNDS FOR PAYMENT OF A LOAN.**

An employee cannot retain funds, collected by him for his employer, in payment for a loan made by the former to the latter for a definite period which has not expired.

**3. GENERAL EXCEPTIONS TO A NUMBER OF SPECIAL CHARGES.**

A general exception to a number of special charges asked and refused by the trial court will probably not avail to raise the question of correctness of each of the charges, unless they are all correct.

SMITH, J.

The principal errors complained of in this case are that the trial court refused to grant the motion for a new trial asked for on the ground that the verdict was against the weight of evidence, that there was error in the charge given to the jury, and in refusing to give the special charges asked for by the plaintiff in error.

The action was brought by Voelckel against the defendant company to recover damages for the breach of a contract, and the defendant justified its action in discharging the plaintiff from its employment, and by counter-claim sought to recover from plaintiff certain money collected for it by plaintiff and alleged to be illegally detained by him. The verdict was in favor of defendant, and a finding against the plaintiff for $361.67, for which judgment was rendered.

In our opinion, the verdict was not so against the weight of evidence as to justify us in reversing the judgment on that ground. There was a special written contract between the parties, whereby the defendant company employed Voelckel as general manager and superintendent of its business for two years, from March 1, 1888, at a salary of $2.600 per annum, payable in monthly installments of $166.66 on the last day of each month, and, as a part of the same con-

tract, plaintiff in error deposited with the company, and as a loan on it, $1,000, to be secured by the note of the company, due in one year, and other collateral security, which was duly given.

It is conceded that the plaintiff entered upon such employment, and the evidence tends very strongly to show this state of fact. That about May 1, 1888, he was sent East to make collections for the company and transact other business there, and that he received express and explicit instructions that any money collected by him was to be at once transmitted to the company at Cincinnati, the company being then in financial straits and needing the money badly. Plaintiff did collect about $650, and, though he reported the collections to the company, he did not transmit the money, or any part of it, as directed. He undertook to pay himself therefrom the installment of salary said to be due him May 1st, and used the money for his own purposes. He also used a part of it in the payment of his traveling expenses, as we think he might lawfully do, but even then there was a very considerable amount remaining in his hands which should have been sent as directed.

The plaintiff returned to Cincinnati about May 16th. On that day, as the evidence offered for the plaintiff shows, he went to the office of the company, but, though asked for the money, he did not turn it over, but said that he had it at home. On the evening of the next day he again came there and the same thing took place, and he was at once discharged by the company for failure to observe the proper directions of the company. The evidence of the plaintiff is to the effect that he was discharged immediately on his return, and without demand for the money or the assignment of any reason therefor, but we think the jury was authorized to rely on the evidence submitted by the defendant.

If the evidence offered by the defendant was true, we think it was a good warrant for the discharge of the plaintiff. He had failed to obey the reasonable and proper order of his employer, and the company was warranted by the conduct of the plaintiff in believing that he had improperly spent the money collected and was not intending to turn it over. In our judgment he was not, under the circumstances, justified in paying himself the installment of salary which was due May 1st. If he desired to continue in his employment, it was his duty to comply with the directions of the company as to the disposition of the money collected for it, and look to the company for his salary. He undertook the business with that understanding—and a breach of his duty in this respect justified his discharge—clearly, then he had no right to recover for breach of the contract on the evidence.

Was there error in the charge of the court? The only objection taken to the general charge was that the court instructed the jury that if the plaintiff was lawfully discharged, he was not entitled to a credit for any part of his salary for the month of May, he having been discharged about May 17th. We think this instruction was entirely right, as stated by Judge Swan in his Treatise, 853 : "A laborer or servant so hired (for a fixed time) may be dismissed by his employer before the expiration of the time, for unreasonable and willful disobedience, or for habitual and gross neglect of his duty, and the employer will not be liable for any part of his wages. For if the law were otherwise, a laborer who is hired for a year, or other fixed period, might by his own willful misconduct procure his dismissal, and then sue for the time he had worked. This would place it in the power of the laborer to benefit, at any time, by his own willful breach of the contract." Indeed there is reason to doubt whether in strictness the plaintiff was entitled to credit for the wages due May 1, which had not been paid. But as this was allowed him without objection, the question is not raised.

"The plaintiff presented to the court four written instructions, and requested the same to be given to the jury, and the court refused each and all of the same, to which the plaintiff then and there excepted." It is doubtful if this mode of exception availed to raise the question of the correctness of each of the charges unless all were correct, as they manifestly were not ; so No. 2 asked the court in

effect to charge the jury that the plaintiff was entitled to his wages for May, which we have held he was not entitled to.. And so of No. 4. No. 5 was given in substance. By No. 1 he asked the court to charge that if plaintiff was discharged without reasonable cause, he was entitled to retain in his hands the money he had collected until his claim for damages was paid. We doubt the correctness of this, as his claim for damages might be much less than the amount in his hands, but as the jury found that he was not discharged without reasonable cause, if the instruction was right, the refusal to give it was not prejudicial.

By No. 3 he asked the court to charge that if the defendant was wrongfully discharged, it was the duty of the company to retain the $1,000; and if it did not do so, the plaintiff was authorized to retain in his hands any money collected. This, too, could not be prejudicial, even if wrongfully refused, but we think it was rightfully refused, as that was a loan for a definite period.

The judgment will therefore be affirmed with costs.

*Von Seggern, Phares & Dewald*, for Plaintiff in Error.

*Milton Sater, contra.*